# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| DOUGLAS ECHOLS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. CV408-023 |
| SPENCER LAWTON, in his individual capacity, | ) ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is plaintiff Douglas Echols' *de bene esse* motion to preserve deposition testimony.[1] Doc. 36. Defendant Spencer Lawton opposes. Doc. 37.

## I. BACKGROUND[2]

Echols was convicted for rape and kidnapping. Doc. 26 (Amended Complaint) at 1-6. Exonerating DNA evidence led the convicting court to grant him a new trial, and ultimately the indictment against him was

---

[1] "'*De bene esse*' means 'provisionally' and refers to the right to use the deposition in the event of the absence of the witness at the time of the trial." 26B C.J.S. DEPOSITIONS § 9 (Dec. 2013); *see also id.* ("the purpose of depositions *de bene esse* is to perpetuate testimony against the contingency of its loss before the occasion arises for its use.").

[2] For the purpose of this Order, the Court is accepting plaintiff's allegations as true.

dismissed. *Id.* at 5. He suffered devastating personal, financial, and career losses in the meantime. *Id.* at 5-6.

A Georgia legislator introduced "House Resolution No. 96" to compensate Echols with $1,600,000.00. Doc. 26 at 6. "On consideration of House Resolution No. 96 and Plaintiff's Notice of Claim, the Georgia Claims Advisory Board twice unanimously determined that [he] should be compensated for his losses following from his wrongful imprisonment for the crimes of rape and kidnapping which he did not commit and the Board twice recommended that Plaintiff Douglas Echols be compensated in an amount to be determined by the legislature of the State of Georgia." *Id.* at 7.

Lawton, however, responded to that by sending a letter to state Senator Jack Hill, then emailed other members of the Georgia Legislature. Doc. 26 at 7. His communications "contained false information and offered intentionally misleading legal advice and statements, which Defendant Lawton knew would be accepted as sound." *Id.* at 7. He "claimed that [Echols'] conviction and imprisonment for the crimes of rape and kidnapping were proper and fitting, even though Plaintiff's conviction had been vacated and a new trial had been

granted." *Id.* at 8. He even insisted, falsely, that Echols "remained *'under indictment'* for rape and kidnapping." *Id.* at 8 (emphasis original). These and other false representations scuttled the compensation effort. *Id.* at 8-11.

Echols then sued Lawton in his individual capacity under 42 U.S.C. § 1983. Doc. 26 at 11. Lawton, he alleges, denied him "his constitutional rights to substantive and procedural due process, which rights are fundamental and guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and which rights were clearly established by law, at the time Defendant Lawton sent the correspondence." *Id.* He also raises other claims. *Id.* at 11-14.

Lawton moves to dismiss and stay discovery. Docs. 23, 28 & 29. Echols, he argues, has "failed to state a valid claim based upon the deprivation of either substantive or procedural due process, and his Amended Complaint should be dismissed." Doc. 29-2 at 12. He also raises prosecutorial and qualified immunity, among other defenses. *Id.* at 15-21. Because Lawton's two stay motions are intertwined with the dismissal motion, they have not been referred to the undersigned. In

contrast, plaintiff's "preserve testimony" motion has been referred. Doc. 36.

## II. ANALYSIS

Douglas Echols wants to depose Billy Echols, despite the pending dismissal/stay motions, because he is suffering from Stage Four Diabetes and his health is in rapid decline. *Id.* at 3. But plaintiff fails to say what he expects Billy to testify about, much less who he is (a relative?). Opposing, Lawton illuminates those points and reiterates his prosecutorial and qualified immunity defenses, reminding that a core purpose of qualified immunity is to insulate against *discovery* expenses.[3] Doc. 37.

It is not necessary to reach the immunity defenses[4] because Echols doesn't even hint at what the deposition will cover, much less who Billy

---

[3] *See, e.g., Carter v. DeKalb County, Ga.,* 521 F. App'x 725, 728 (11th Cir. 2013) (plaintiff was not entitled to opportunity to conduct discovery to uncover actions that each police officer took on day that plaintiff was taken to county police department's headquarters for questioning after his wife was found dead, prior to dismissal on grounds of qualified immunity of his § 1983 claims against those officers for violating his constitutional rights and committing various Georgia-law torts, in absence of any showing that officers violated plaintiff's clearly-established statutory or constitutional rights).

[4] Of some note, however, is *Fields v. Wharrie,* \_\_ F.3d \_\_, 2014 WL 243245 at \* 2 (7th Cir. Jan. 23, 2014) (prosecutor did not have absolute or qualified immunity for his pre-prosecution fabrication of evidence as an investigator, and his later introduction of the fabricated evidence at trial, in § 1983 procedural due process

4

Echols is in relation to him. So while he invokes this Court's discretion, *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002); *Charles v. Wade*, 665 F.2d 661, 663-64 (5th Cir. 1982); *Dopson-Troutt v. Novartis Pharm. Corp.* 2013 WL 5231413 at * 1-2 (M.D. Fla. Sept. 16, 2013), that cannot be exercised absent that critical information.

## III. CONCLUSION

Echols' *de bene esse* motion (doc. 36) is **DENIED** without prejudice to renew it in a motion that ultimately must stay with the district judge, given its intertwinement with the merits of the pending dismissal motion. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("A motion to dismiss based on failure to state a claim for relief should ... be resolved before discovery begins."); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir.1987) (the idea that discovery should be permitted before deciding a motion to dismiss "is unsupported and defies common sense [because t]he purpose of F.R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery"); *Carter*, 521 F. App'x at 728.

---

claim brought by former prisoner who was wrongfully convicted of murder); *id.* at * 6 (same result on plaintiff's state-law claim).

**SO ORDERED** this 19TH day of February, 2014.

_/s/ M. Smith_
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**

6